## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Big Cat Rescue Corp., a Florida not-for-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 5:13-fj-1-F |
| Big Cat Rescue Entertainment Group, Inc., an Oklahoma corporation; G.W. Exotic Memorial Animal Foundation, d/b/a Big Cat Rescue Entertainment Group, an Oklahoma corporation; Joe Schreibvogel, a/k/a Joe Exotic, a/k/a Aarron Alex, a/k/a Cody Ryan, individually, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **PLAINTIFF'S STATUS REPORT TO THE COURT**

COMES NOW Plaintiff Big Cat Rescue Corp.("BCR") and, in response to the Court's Order for a report addressing the status of post-judgment collection proceedings in this matter [Doc. 158], respectfully shows the Court as follows:

## **SUMMARY**

The 2013 judgment in the initial principal amount of $953,000, plus interest (the "Judgment"), remains substantially unsatisfied.[1] Collection efforts are ongoing.

---

[1] The most significant amounts collected to date are $45,414.77 recovered in 2015 as a creditor distribution from defendant Joseph Schreibvogel's 2013 Ch. 7 bankruptcy (however, there was no discharge of debts); $6,000 resulting from the 2016 sale of Mr. Schreibvogel's Freightliner tractor turned over to BCR by Court Order; $6,000 recovered in 2016 via post-judgment garnishment of defendant The Garold Wayne Interactive Zoological Foundation's commercial bank account; and $16,426.93 received in November

## STATUS OF POST-JUDGMENT COLLECTION PROCEEDINGS

**1.     THE JUDGMENT/JUDGMENT DEBTORS.**

BCR was initially judgment creditor of 1) defendant Joseph Allen Schreibvogel n/k/a Joseph Maldonado-Passage (hereafter, "Maldonado-Passage"), 2) defendant G.W. Exotic Memorial Animal Foundation, and 3) defendant Big Cat Rescue Entertainment Group. At the time the Judgment was entered in February 2013, Maldonado-Passage controlled an exotic animal park in Wynnewood, Oklahoma – the substantial income the park generated went to Maldonado-Passage and co-debtor G.W. Exotic Memorial Animal Foundation (the park's nominal owner), and was the primary source of funds available to satisfy the Judgment.

However, immediately after entry of the Judgment (and to avoid it), Maldonado-Passage created a successor entity named The Garold Wayne Interactive Zoological Foundation ("Garold Wayne Zoo") to receive the animal park income. Maldonado-Passage falsely claimed he received no income from this entity although he continued to manage and control it.   Ultimately, in February 2016 that successor entity was determined liable on the Judgment, as the fraudulent transferee of the business operations and income stream of the animal park. Garold Wayne Zoo is therefore also now BCR's judgment debtor.

However, immediately after the successor entity Garold Wayne Zoo was found liable on the Judgment, that entity was dissolved and the animal park's income stream was transferred again, this time to a new entity called Greater Wynnewood Exotic Animal Park,

---

2019 after satisfaction of the lender's claim in a Garvin County foreclosure of Mr. Schreibvogel's purchase money mortgage with regard to certain real property.

LLC ("Greater Wynnewood"), created by Maldonado-Passage's business partner, Jeff Lowe. Greater Wynnewood remains in control of, and receives the substantial revenue generated by, the Wynnewood animal park. Collection proceedings concerning this third entity and its affiliate, Greater Wynnewood Development Group, LLC ("Greater Wynnewood Development"),[2] are outlined below.

The transfers of the animal park business without consideration outlined above have contributed significantly to the Judgment remaining substantially unsatisfied.

**2.  COLLECTION PROCEEDINGS**.

    **a.  As to Debtor Maldonado-Passage**. As previously reported, Maldonado-Passage has not fully complied with the Court's June 2017 Order to Appear and Answer as to Assets, and Forbidding the Transfer or Other Disposition of Property [Doc. 138], which directed him to appear, with enumerated documents, on July 24, 2017. Although the parties had agreed to reconvene the hearing to attempt to gain full compliance, it was postponed several times due to debtor's alleged ill health, the death of his husband, and ultimately, his pretrial detention under a federal criminal indictment in September 2018. The criminal trial ended on April 2, 2019 in a jury verdict determining Maldonado-Passage guilty as to all charges. *See U.S. v. Joseph Maldonado-Passage*, U.S.D.C. W.D. Okla., No. CR-18-227-SLP. Maldonado-Passage remained in federal custody from September 2018

---

[2] Greater Wynnewood Development was created in February 2016 primarily to hold the land on which the Wynnewood animal park operates.

until he was sentenced to a 264 month term on January 22, 2020. Due to this incarceration and the criminal proceedings, BCR has not re-set the hearing on assets.[3]

  b.  **As to Debtor Garold Wayne Zoo**. After Garold Wayne Zoo was in early 2016 determined liable on the Judgment, BCR continued collection efforts against the business operations via a revenue receivership, and a separate lawsuit directed toward the real property and other tangible assets used by the animal park.[4]

    i.  **Receivership.** In March 2016, Judge Cauthron appointed a receiver over the revenue of the Wynnewood animal park regardless of the entity managing it. The receiver order accordingly applied to *both* judgment debtor Garold Wayne Zoo (which soon dissolved) and Greater Wynnewood which, by the time the order was entered, had been created and was running and capturing the revenue generated by the Wynnewood animal park operations. *See Big Cat Rescue Corp. v. G.W. Exotic Animal Foundation, et al.,* U.S.D.C. W.D. Okla., No. CIV-14-377-SLP [Doc. 202] (Order Granting Motion for Receiver). The receiver order was temporarily vacated to allow Greater Wynnewood to intervene and oppose the receivership, but on July 11, 2018, Judge Palk reinstated the receivership, finding that BCR had shown that "[a]t least the good will, going-concern value and income stream" of the prior two entities – judgment debtors G. W. Exotic Animal Park and Garold Wayne

---

[3] BCR in late 2019 did receive $16,426.93 to apply to the Judgment from a lender's foreclosure proceeding against Maldonado-Passage. *See* supra. n.1

[4] As to the latter, *see Big Cat Rescue Corp. v. Shirley Schreibvogel, et al.,* U.S.D.C. W.D. Okla., No. CIV-16-155-SLP, discussed below.

Zoo – had passed to Greater Wynnewood in 2016. *See id.* [Doc. 387] (Order Reinstating Receiver) at 6-7.

However, Greater Wynnewood (through its sole member, Jeff Lowe) has wholly thwarted the receivership. Although the Court reappointed the receiver over Greater Wynnewood's income stream in July 2018, Greater Wynnewood has denied the receiver entry to the facilities or access to the books and records. *See id.* [Doc. 397] (Receiver's Second Motion to Hold Greater Wynnewood in Contempt). Further, Greater Wynnewood has refused to pay the receiver more than $50,000 in Court-ordered compensation. *Id.* The Court in the receiver action found Greater Wynnewood in contempt of the receiver compensation order, and set a show cause hearing for August 2018. *See id.* [Docs. 269 and 389] (Receiver's Motion for Contempt and Order Granting). However, the show-cause hearing was stricken because Greater Wynnewood terminated its counsel just prior to the hearing date. *See id.* [Doc. 407] (Order Allowing Withdrawal of Counsel, Requiring Entry of Appearance of Substitute Counsel and Striking Show Cause Hearing). Greater Wynnewood has not secured the appearance of substitute counsel despite the Court's 2018 Order requiring same, so the contempt show-cause hearing has not been reset.

On March 4, 2019, BCR filed a contempt application against both Greater Wynnewood and Jeff Lowe for contempt of the receiver order. *See id.* [Doc. 410] (BCR's Application for Contempt). That remains pending.

**ii. Action against Shirley Schreibvogel and Greater Wynnewood Development**. In April 2016, BCR filed an action against Shirley Schreibvogel and Greater Wynnewood Development, alleging that the real property on which the animal park operates was fraudulently transferred to avoid the Judgment, and seeking relief as to certain other cash and property. *See Big Cat Rescue Corp. v. Shirley Schreibvogel, et al.*, U.S.D.C. W.D. Okla., No. CIV-16-155-SLP, [Doc. 21] (Amended Complaint).

A mediation with defendant Shirley Schreibvogel resulted in an August 2019 agreed judgment in which that defendant admitted that she, Maldonado-Passage and Jeff Lowe fraudulently transferred the real property on which the Wynnewood animal park has operated since its inception to Greater Wynnewood Development and that other assets were fraudulently transferred and/or improperly titled or concealed. The agreed judgment does not include a money judgment against Shirley Schreibvogel. *See id.* [Doc. 144] (Agreed Judgment). After entering default judgment in BCR's favor as to defendant Greater Wynnewood Development, the Court on October 25, 2019, conducted an evidentiary hearing as to damages against that entity. A ruling is pending. *See id.* [Docs 142 and 150] (Default Judgment and Minute Sheet of Proceedings). On November 21st, BCR was awarded costs against that defendant. *See id.* [Doc. 151] (Bill of Costs).

**iii. Action against Greater Wynnewood.** BCR in 2018 filed motions for default judgment on its fraudulent transfer and successor liability counterclaims against Greater Wynnewood, Greater Wynnewood Development and Big Cat

Institute, the three entities created in February 2016 to run the Wynnewood animal park despite the injunction just entered against transfer of the park's business operations and good will. *See Big Cat Rescue Corp. v. G.W. Exotic Animal Foundation, et al.,* U.S.D.C. W.D. Okla., No. CIV-14-377-SLP [Docs. 408 and 409] (Motions for Default Judgment). The motions are pending.

**3.    CONCLUSION.**

In sum, pursuit of Maldonado-Passage's income and assets has been paused due to the criminal proceedings, except for funds received from a 2019 foreclosure proceeding. As to the real estate and other Garold Wayne Zoo assets and income, BCR in 2019 obtained a fraudulent transfer judgment against Shirley Schreibvogel and Greater Wynnewood Development, and a ruling on damages as to the latter defendant is pending. As to the animal park revenue stream and other assets now controlled by Greater Wynnewood and its affiliates though their principal Jeff Lowe, a receiver was appointed in 2018 and a contempt judgment related to the receivership was entered by the Court against Greater Wynnewood.  However, Judgment enforcement efforts as to the Greater Wynnewood related entities with access to the business income have been so far thwarted by improper transfers involving Maldonado-Passage, Shirley Schreibvogel, and Jeff Lowe, and Mr. Lowe's/Greater Wynnewood's subsequent refusal to comply with multiple court orders, including the order appointing receiver, orders to compensate the receiver, and orders to secure appearance of counsel.

Respectfully Submitted,

*/s/ Heather L. Hintz*
Melvin R. McVay, Jr., OBA No. 6096
Heather L. Hintz, OBA No. 14253
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
hlhintz@phillipsmurrah.com
jrgivens@phillipsmurrah.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John B. Davis – john@jbdavislaw.com
Kip Reiswig – kip@jbdavislaw.com
**Attorney for Joseph Schreibvogel**

Peter L. Scimeca – pscimeca@fellerssnider.com
Ryan J. Duffy – rduffy@fellerssnider.com
**Attorneys for Garnishee**
**The Garold Wayne Interactive Zoological Foundation**

*/s/ Heather L. Hintz*
Heather L. Hintz